IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE KEEFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 04-187J |
| JAMES DURKOS, individually, MARY ) | |
| ELLEN DEAL, individually, DONNA ) | |
| YOUNKIN, individually, JANET VIRGIN, ) | |
| individually, JOHN DOE, individually, and ) | |
| JANE DOE, individually, and JAMES ) | JUDGE GIBSON |
| DURKOS, MARY ELLEN DEAL, DONNA) | |
| YOUNKIN, and JANET VIRGIN in their ) | |
| capacity as Directors of the Board of ) | |
| Education of the TURKEYFOOT VALLEY ) | |
| AREA SCHOOL DISTRICT, ) | |
| ) | |
| Defendants. ) | |

# Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's Motion for Sanctions (Document No. 79)

filed April 6, 2006 to which Defendants' counsel has not responded. The Plaintiff moves for sanctions

pursuant to FED.R.CIV.P. 11 on the basis that the Defendants' original draft of their Motion for Summary

Judgment did not comply with Local Rule of Court 56.1, which requires *inter alia*, the filing of a

proposed concise statement of material facts by the moving party along with an accompanying appendix

which comprises those portions of the record that lend factual support for the proposed concise

statement. The Defendants' counsel failed to file a proposed concise statement in accordance with the

local rule, and as a result, the Court ordered the Defendants' summary judgment filings and the

Case 3:04-cv-00187-KRG   Document 87   Filed 09/25/06   Page 2 of 6

Plaintiff's responsive filings stricken from the record (*see* Document No. 66) and required the parties to re-file their summary judgment documents, this time in accordance with the local rule. The Plaintiff moved to have the Court reconsider its decision on this matter, but this request was denied. *See* Document Nos. 67, 68. The parties thereafter properly filed their respective motion, response thereto and concise statement and responsive concise statement of material facts and appendices. The Court has ruled upon the Defendants' Motion for Summary Judgment in a separate Memorandum Opinion and Order also intended to be filed on this date. The Plaintiff's counsel seeks sanctions in the amount of $250.00 per hour for the twenty-two (22) hours he expended in responding to the Defendants' original, non-compliant Motion for Summary Judgment.

Federal Rule of Civil Procedure 11 reads in pertinent part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

The timing of the present motion is irregular considering the fact that the Plaintiff's counsel indicated his belief that sanctions were appropriate in the response to the Defendants' Motion for Summary Judgment wherein he asserted that Defendants' counsel had followed an incorrect procedure in presenting that motion and Plaintiff's counsel reiterated this point in his Response to the Motion for Leave (Document No. 65). The Plaintiff's Motion for Reconsideration (Document No. 67) first raises the Rule 11 issue regarding the Defendants' failure to comply with Local Rule of Court 56.1, after the Defendants' filings and the Plaintiff's corresponding responses had been stricken from the record.

The Court cannot impose sanctions under Rule 11 for the following two reasons. First, Plaintiff's counsel has not complied with the "safe harbor" provision of Rule 11, found in subsection (c)(1)(A), which requires that his Rule 11 motion be served upon the Defendant at least twenty-one days before being presented to Court so as to allow the Defendant the opportunity to withdraw "the challenged paper." This failure is apparent from the fact that the Plaintiff's counsel filed this Rule 11 motion on April 6, 2006, after the court had stricken the original summary judgment filings of the parties almost six weeks earlier by Order dated February 23, 2006. Among the goals of the "safe harbor" provision is the prevention of needless Rule 11 motions in the event the challenged paper is withdrawn. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). The *Ridder* court, in what appears to be *dicta*,[1] quoted the following remarks contained in the Advisory Committee Notes and one commentator's observation:

> Although the text of the amended rule fails to specify when a Rule 11 motion should be brought, the drafters advise early action:
>
>> The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily the motion should be served *promptly after the inappropriate paper is filed,* and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery. Given the "safe harbor" provisions ⋯ *a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).*
>
> Fed R. Civ. P. 11 Advisory Committee Notes (1993 Amendments) (emphases added). Thus, the 1993 amendments work a significant change in the timing of a Rule 11 motion. By virtue of the fact that under the 1993 amendments, "a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn," Vairo,

---

[1]*See Powell v. Squires, Sanders and Dempsey,* Nos. 98-3668, 98-3670, 1999 WL 519186 at pp. *2-3 (6th Cir. July 16, 1999)

*supra* at 65, it follows that a party cannot wait to seek sanctions until after the contention has been judicially disposed. A party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case or judicial rejection of the offending contention. If the court disposes of the offending contention before the twenty-one day "safe harbor" period expires, a motion for sanctions cannot be filed with or presented to the court. Any other interpretation would defeat the rule's explicit requirements. Once a motion is properly filed with the court, the drafters prudently permit the court to defer ruling on the sanctions motion until after the final resolution of the case. *See* FED. R. CIV.P. 11 Advisory Committee Notes (1993 Amendments).

*Ridder* at 295. The Court agrees with these observations and concludes that since this Court, on its own initiative, rejected the filings by striking the original summary judgment pleadings of the parties for a failure to follow proper local rule procedure, there was no paper of record that could be challenged by the Plaintiff's counsel through a Rule 11 motion. Furthermore, the Plaintiff's counsel, in raising the issue in his response to the Defendant's summary judgment motion and response to the Defendants' motion for leave, failed to comply with the requirement of Rule 11 that such a motion must be filed "separately" under subsection (c)(1)(A) of the rule. Thus, the raising of this issue in those two responses is insufficient to establish a Rule 11 motion prior to the Court's striking of the summary judgment pleadings. *See Ridder* at 294.

Looking beyond the failure to timely file the Rule 11 motion, the motion itself raises an issue of a minor violation of a local rule of court that concerned the procedure of presenting a motion for summary judgment to this court. The following quotation speaks to this issue:

Withdrawal of a motion, or the use of a possibly incorrect procedure, are not subject to Rule 11. In *A. Hirsh, Inc. v. United States*, for example, the court refused to apply Rule 11 on the theory that unsuccessful intervenors had created excess costs by withdrawing their initial motion to intervene and then refiling a similar motion. If the motion, itself, had been groundless, then Rule 11 would have been applicable, but the mere withdrawal of the motion, absent a showing of bad faith or improper purposes leading to its

4

resubmission, could not be a basis for Rule 11 sanctions.

Georgene M. Vairo, RULE 11 SANCTIONS: CASE LAW, PERSPECTIVES AND PREVENTATIVE MEASURES,

233 (3d ed. 2004) (footnotes omitted). Clearly, the Defendants' counsel used the incorrect procedure

to present a summary judgment motion and the Plaintiff's counsel was unable to properly respond in

accordance with the procedure set forth in the local rule. However, there is no evidence before this

Court that demonstrates that the failure of Defendants' counsel to follow correct procedure was motived

by an intent to harass the Plaintiff, cause delay or increase the Plaintiff's costs in this litigation.

For these reasons, the Plaintiff's motion is denied.[2]

---

[2]The Court notes that if this Court believed that sanctions were appropriate, then the requirements for particularized notice and an opportunity to be heard would have to be complied with prior to imposition of the sanctions in order to comport with due process; this process may include an evidentiary hearing. *See Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1357-1359 (3d Cir. 1990). The Defendants have failed to file a response to the Plaintiff's Motion for Sanctions within the twenty days response time for motions set forth in this Court's practice and procedures. Biography and Practice and Procedures of Judge Kim R. Gibson, http://www.pawd.uscourts.gov/Documents/Public/Reference/gibson.pdf (last visited Sept. 25, 2006). Despite the Defendants' failure to respond, the Court denies the Plaintiff's motion because of a lack of a basis in law and fact for the Court to impose sanctions.

AND NOW, this 25th day of September, 2006, in accordance with the foregoing Memorandum

Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's Motion for Sanctions (Document No. 79)

is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

6